## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**FAYE E. GARDNER LIVING INSURANCE
TRUST and GORDON L. SKARSGARD,**

          **Plaintiffs,**

**vs.**                                       **Civ. No. 14-423 JH/SCY**

**THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA,**

          **Defendant.**

### <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on *The Prudential Company of America's Motion to Dismiss or Stay Based On Class Injunction Or, Alternatively, Transfer* [Doc. 7]. As grounds for the motion, the Defendant argues that Plaintiffs' claims against it are barred by the Final Order and Judgment entered by the United States District Court for the District of New Jersey in the class action *In re The Prudential Insurance Company of America Sales Practice Litigation*, Master Docket No. 95-4707 (DRD). As a result, Defendant asks this Court to dismiss or stay this case until the New Jersey district court has ruled on whether Plaintiffs' claims are barred, or in the alternative, to transfer the case to the District of New Jersey in accordance with 28 U.S.C. § 1404(a). For the reasons set forth below, the motion will be granted and this case stayed until such time as the United States District Court for the District of New Jersey determines whether Plaintiffs' claims are barred by the class action settlement.

## DISCUSSION

In their *Complaint for Breach of Contract and Bad Faith* [Doc. 1-2], Plaintiffs allege that Defendant, The Prudential Insurance Company of America ("Prudential"), issued a life insurance policy contract, No. 61276340, to Faye E. Gardner on September 19, 1990. Complaint at ¶ 1. Plaintiffs allege that premiums were paid in accordance with the policy, to wit, a "seven-payment life policy, premiums $40,000/year for seven years, checks to G.L. Skarsgard, Trustee." *Id.* at ¶ 5.[1] Plaintiffs allege that despite the fact that the premium payments were made in accordance with these requirements, Prudential wrongfully refused to pay a $661,732 death benefit upon the death of Faye E. Gardner on July 27, 2011. *Id.* at ¶ 3. When Plaintiffs made a claim for benefits, Prudential notified them that the policy had lapsed due to non-payment of premium and that the cash value of the policy had been used to purchase extended term insurance, which coverage expired on February 2, 2007, leaving the policy with no value on the date of Faye E. Garnder's death. *Id.* at ¶ 4. Plaintiffs contend that Prudential did not communicate with the insured or her family members about the possible lapse and cancellation of the policy, as they would have acted to prevent cancellation had they been so notified. *Id.* at ¶ 7. Plaintiffs bring claims of negligence, breach of contract, breach of the warranties of good faith and fair dealing, and insurance bad faith against Prudential. *See id.* at ¶¶ 9-12.

In its motion, Prudential asserts (and Plaintiffs do not dispute) that Plaintiffs are class members (or representatives of class members) in a nationwide class action against Prudential in the U.S. District Court for the District of New Jersey, *In re The Prudential Insurance Company of America Sales Practice Litigation*, Master Docket No. 95-4707 (DRD). In that case, the New

---

[1] The Court notes that this language is not taken from the policy itself (which is attached as an exhibit to the Complaint), but rather from an extrinsic document of unknown origin, which is also attached to the Complaint.

Jersey district court certified a class for settlement purposes consisting of "all persons who own or owned at termination an individual permanent whole life insurance policy issued by Prudential or any of its United States life insurance subsidiaries during the Class Period of January 1, 1982 through December 31, 1995 . . ." *See Final Order and Judgment*, Doc. 7-2 at ¶ 2. On March 17, 1997, the district court entered a Final Order and Judgment approving a class action settlement. *Id*. The court permanently enjoined all class members from filing any lawsuit in any jurisdiction based on or relating to the facts and circumstances underlying the claims and causes of action in the class action lawsuit. *Id*. at ¶ 8. Finally, the New Jersey district court retained "exclusive jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Stipulation of Settlement and of this Final Order and Judgment." *Id*. at ¶ 10. Indeed, the Court of Appeals for the Third Circuit has affirmed that the New Jersey district court is empowered under the All Writs Act, 28 U.S.C. § 1651, and the exceptions to the Anti-Injunction Act, 28 U.S.C. § 2283, to protect its jurisdiction in overseeing the administration of this class action and to prevent interference with its orders. *See, e.g., In re The Prudential Ins. Co. of Am. Sales Practices Litig.: LaMarra*, 314 F.3d 99 (3d Cir. 2002).

The nationwide class action settlement was broad, addressing a wide variety of claims against Prudential relating to the sale and marketing of Prudential life insurance products.  See *In re: The Prudential Insurance Company of America Sales Practice Litigation*, 962 F. Supp. 450 (D.N.J. 1997). If Plaintiffs' claims in this case are covered by the class action settlement, then they would be barred by the Final Order and Judgment. Prudential points to cases in which the New Jersey court has held that claims brought by other plaintiffs were precluded by the class action settlement and argues that the claims in this case are similarly barred. In response, Plaintiffs argue that their claims do not arise out of the sale of the life insurance policy and

therefore are not covered by the 1997 judgment, but rather arise from Prudential's conduct in 2003 and later.

In its 1997 opinion approving the class action settlement, the New Jersey court described the claims common to the class that were resolved by the settlement. *See In re: The Prudential Ins. Co. of Am. Sales Prac. Litig.*, 962 F. Supp. 450 (D.N.J. 1997). Among these were claims regarding the use of "Abbreviated Payment Plan" or "vanishing premium" policies, in which Prudential agents "misrepresented that policyholders would have to pay no out-of-pocket premiums after a certain number of premium payments during the initial years of the policies." *Id.* at 476. In these sales pitches, Prudential representatives "failed to disclose that the policy premiums would not vanish and that Prudential did not expect the policies to pay for themselves." *Id.*

In this case, Plaintiffs allege that Prudential's policy required them to pay "seven-payment life policy, premiums $40,000/year for seven years," and that these premiums were paid. Plaintiffs further allege that they were unaware of the need to pay any further premiums, and thus, one can infer that they had been told that this was a "vanishing premium" policy. Finally, Plaintiffs allege that Prudential failed to inform them of a need to pay any further premiums to keep the policy in force.

The New Jersey court has repeatedly been called upon to determine whether a claim against Prudential in another venue is precluded by the March 17, 1997 Final Order and Judgment. For example, in *In re The Prudential Ins. Co. of Am. Sales Practice Litig. (Blaser, et al.)*, No. 95-4704 (D.N.J. Oct. 12, 2001) [Doc. 11-2], two policyholders sued Prudential in Indiana state court, and the case was eventually removed and transferred to the District of New Jersey. *Id.*, slip op. at 15-16. Although their complaint did not *directly* raise a vanishing

4

premiums theory, the plaintiffs (like the Plaintiffs in this case) alleged that Prudential wrongfully

terminated their policy despite the fact that they had paid all premiums due. *Id*. at 16. And, like

the Plaintiffs in this case, the plaintiffs in *Blaser* argued that their claims did not accrue until

after the class action opt-out deadline and entry of the Final Order and Judgment. *Id*. The court

concluded that the plaintiffs' claims were barred, stating:

> The class action settlement documents made clear and this Court has held that a
> vanishing premium claim may have been ripe for the purposes of the class action
> even though the date had not arrived on which the premium obligation was
> supposed to have ceased. The Class Notice stated: "You may be entitled to
> receive this relief even if you have not reached the last out-of-pocket premium
> payment you expected to make, and even if you have not been told that your
> Policy will require the same out-of-pocket payment of premiums for longer than
> originally expected." This Court has squarely held that class members who had
> been deceived were presently injured and had notice of that injury pursuant to the
> claim notice. Therefore, the Court must reject the Steinharts' argument that their
> claim was not covered by the class action and settlement.

*Id*. at 16-17.

From the foregoing, this Court concludes that Prudential has made a colorable argument

that Plaintiffs' claims are based on undisclosed or misrepresented "vanishing premiums"

covered, and therefore barred, by the class action settlement. However, this Court expresses no

opinion whether Plaintiffs' claims are, in fact, actually precluded by the settlement. That

determination must be made by the U.S. District Court for the District of New Jersey, which not

only has exclusive jurisdiction over enforcement of its judgment, but also has a much more

thorough understanding of the scope of its judgment and the complexity of the claims resolved in

the Prudential sales practice litigation that has been before it for so many years.

**IT IS THEREFORE ORDERED** that *The Prudential Company of America's Motion to

Dismiss or Stay Based On Class Injunction Or, Alternatively, Transfer* [Doc. 7] is **GRANTED**.

This case is hereby **STAYED** until such time as the United States District Court for the District

of New Jersey determines whether or not Plaintiffs' claims in this case are barred by the March 17, 1997, Final Order and Judgment in *In re The Prudential Insurance Company of America Sales Practice Litigation*, Master Docket No. 95-4707 (DRD).

**IT IS FURTHER ORDERED** that no later than November 1, 2015 (and every four months thereafter), the parties must file with this Court a Joint Status Report regarding the District of New Jersey's progress in making the above determination.

**UNITED STATES DISTRICT JUDGE**